ROBERT G. KELLY AND ANN BEEGHER KELLY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kelly v. Commissioner
Docket No. 6844-78.
United States Tax Court
T.C. Memo 1980-37; 1980 Tax Ct. Memo LEXIS 548; 39 T.C.M. (CCH) 1021; T.C.M. (RIA) 80037; February 7, 1980, Filed Robert Kelly, pro se. John Dean, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1974 in the amount of $92.53. The issue presented for our determination is whether petitioner, an ordained minister, is liable for self-employment tax for the year 1974. All of the facts have been stipulated and are found accordingly. Robert G. Kelly (hereafter petitioner) and Ann Beegher Kelly resided in Preston, Maryland at the time the petition in this case was filed. Petitioner filed his 1974 joint income tax return with the Internal Revenue Service Center in Philadelphia, Pennsylvania. Petitioner served as a clergyman in the ministry of the United Methodist Church from May of 1959 until January 16, 1966, and during that time did not elect under the applicable law to be covered by social security. From January 1966 until May of 1970, petitioner was employed in secular employment and during that time paid social security taxes on his earnings. In May of 1970, petitioner *550 returned to the ministry of the United Methodist Church and presently remains in the ministry. Petitioner had net earnings from self-employment in the ministry in excess of $400 for the 1970 taxable year and all subsequent taxable years through 1974. Petitioner was not aware of the 1967 amendments modifying the application of social security provisions to the clergy until August of 1976. Petitioner filed his 1974 return showing no Federal withholding tax and no liability for self-employment taxes. After allowing other adjustments, the Commissioner, in his statutory notice of deficiency, determined that the earnings of petitioner were subject to self-employment tax, pursuant to section 1402. [1]
Respondent contends that petitioner is not entitled to an exemption from the tax on self-employment income provided by section 1402(b) because petitioner did not file an application (Form 4361) which could have allowed him, as a minister, exemption from the self-employment tax pursuant to section 1402(e). Petitioner contends that he cannot, because of conscience's sake, *551 be involved in social security. He states that he was not aware of any changes in the Social Security law involving cleargy until August 1976, and that, although he conscientiously objects to being covered by social security, his application for exemption, filed shortly thereafter, was subsequently turned down by the Service. Section 1402(e)(1) provides that ministers may choose to be exempt from self-employment taxes with regard to services performed in the exercise of their ministry by timely filing an exemption application. Under the terms of section 1402(e)(2) petitioner's exemption application had to be filed by the later of either (1) the due date of the return (including any extensions) for the second taxable year after 1967, or (2) the due date of the return (including any extension) for the second taxable year for which he has "net earnings" of $400 or more, any part of which was derived from performance of service as a minister. [2]
*552 Petitioner did not learn of the filing requirement until August of 1976. After the deficiency notice herein had been issued, he filed an application for exemption, dated April 17, 1978, which was subsequently disapproved by the Service. Unfortunately for petitioner, according to the terms of section 1402(e), he would have had to file an application, at the latest, by April 15, 1972 (assuming an extension for filing the return had not been granted), to be eligible for exemption from self-employment taxes. That date, as prescribed by the statute, is the due date of the return for the second taxable year for which petitioner had net earnings from self-employment in the ministry of $400 or more. We do not question the sincerity of petitioner's beliefs. However, section 1402(g)(2) provides strict limitations for the timely filing of an application for exemption; simply possessing the requisite religious belief is not sufficient. [3]
Finally, petitioner argues that he was unaware of the 1967 change in the law. It is clear, however, that we must impute knowledge of the change in law to petitioner, herein. *553 See USTC par. 9279, citing . We find that petitioner, having failed to file an application for exemption within the statutorily prescribed time, is liable for self-employment taxes for his 1974 taxable year. Accordingly, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Prior to 1967, ordained ministers were automatically excluded from social security coverage and from the self-employment tax; ministers could elect to opt into the social security system as self-employed if they wished. In 1967 this practice was changed because Congress was informed that many persons in the cleargy who had in the past elected not to be covered by social security, and could not opt into the system, wished to begin coverage. S. Rept. No. 744, to accompany H.R. 12080 (Pub. L. No. 90-248), 90th Cong., 1st Sess. 2 (1967). Since that time, ministers have been allowed to opt outof↩ social security coverage by timely filing.
3. See .↩